POOLE, Circuit Judge
(concurring in part and dissenting in part):
I concur in the majority opinion to the extent that it reverses the district court’s *1156 judgment in favor of Dockray, but respectfully dissent from the remainder of the opinion. The majority has included in its remand mandate instructions based on assumptions unsupported by any evidence in this record in order to support its determination that the Plan Administrator's decision to deny Dockray benefits is not entitled to deference, and has injected extraneous considerations into this case which were not raised on appeal. The majority’s analysis is unwarranted and contrary to any proper standard of appellate review.
I.
The majority holds that a lesser degree of deference is due the Plan Administrator’s interpretation of the pension plan on remand than in the normal case of an employer-administered benefit plan. Majority at 1152. The majority finds it unrealistic to grant McGowan’s decision substantial deference given the “highly charged” atmosphere of the strike. To support this conclusion the majority has essentially taken additional evidence, in the guise of judicial notice, regarding the circumstances of the strike. Id. at 1151 n. 1. Such a practice is totally inappropriate, particularly where we are reviewing the grant of a motion for summary judgment.
The district court made no finding of fact regarding the nature of the strike and there is nothing in the record to support the inferences drawn by the majority opinion. However, even given the majority’s extra-judicial fact-finding, I am not convinced that McGowan was confronted with any different “tugs of divided loyalty” than are commonly experienced by trustees of employer-administered benefit plans.
In this case we are reviewing only McGowan’s decision to deny pension benefits to a single individual. Courts have consistently applied the arbitrary and capricious standard where the only issue was the legality of the trustee’s decision to deny benefits to a particular claimant. Struble v. New Jersey Brewing Employees’ Welfare Trust Fund, 732 F.2d 325, 333 (3d Cir.1984); see Jung v. FMC Corp., 755 F.2d 708, 711 (9th Cir.1985) (stating that a reviewing court should consider the fact that denial of benefits to a class of claimants may avoid a very substantial outlay to an employer, but applying the arbitrary and capricious standard).
The majority recognizes that the district court must apply the arbitrary and capricious standard in reviewing McGowan’s interpretation of the pension plan. Majority at 1153. However, by suggesting that the district court “be appreciably more critical of the reasons advanced by the Adminstra,tor, and less willing to resolve all ambiguities in the Administrator's favor,” id., the majority is in fact encouraging de novo review of McGowan’s decision to deny Dockray benefits. The same deferential standard typically used to review decisions by trustees of employer-adminstrated benefit plans should apply in this case.
II.
In Part II of its opinion the majority gratuitously imputes bad faith to McGowan and Phelphs Dodge and directs the district court to take evidence on the issues of bad faith and estoppel, issues which were not raised on appeal. The majority is careful to note that it is making no findings of fact on these issues, and that such determinations are for the district court. Majority at 1151 n. 2. However, by implying that McGowan’s decision to deny that Dockray pension benefits “may” constitute bad faith, and that McGowan “may” be es-topped from denying Phelp’s Dodge’s characterization of Dockray as a laid off employee, the majority is clearly intimating what the district court shall do on remand and this is an uncalled-for instrusion upon the trial court’s function.
The district court did not reach the issue of bad faith and the parties have not raised this issue on appeal. Similarly, the district court did not make any findings with respect to estoppel against the Plan Administrator. It is not our function as an appellate court reviewing the grant of a motion for summary judgment to create issues from sources outside the record. Since no *1157 facts support a charge of bad faith by the Plan Administrator, we have no business instructing the district court to determine McGowan’s role in drafting the notification letter terminating health insurance benefits or his motivations in interpreting the pension plan. The case should be simply be remanded, leaving further development of the factual and legal issues to the parties and the district court.